IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ANTONIO ALEXANDER McGEE,**

    **Plaintiff,**

    v.                                                **CASE NO. 24-3026-JWL**

**KANSAS DEPARTMENT OF CORRECTIONS,**

    **Defendant.**

## O R D E R

Plaintiff, Antonio Alexander McGee, who is currently incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF"), brings this civil rights case against the Kansas Department of Corrections ("KDOC").

Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). Court records fully establish that Plaintiff "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."[1] Accordingly, he may proceed in forma pauperis only if he establishes a threat of imminent danger of serious physical injury. *Id.*

Plaintiff's Complaint alleges that he has been held in segregation for five years. (Doc. 1, at 3.) He asserts that the KDOC has changed his classification from special management to step-down to keep him in "the hole." *Id.* at 3, 7. Plaintiff seeks damages for mental anguish from the

---

[1] Prior to filing the instant complaint on February 15, 2024, the Court finds at least three prior civil actions filed by Plaintiff that qualify as "strikes" under § 1915(g). *See McGee v. Doe*, No. 20-3131-SAC (Doc. 3) (dismissing for failure to state a claim) (D. Kan. June 9, 2020); *McGee v. Corizon*, No. 20-3085-SAC (Doc. 11) (dismissed for failure to state a claim) (D. Kan. June 9, 2020); *McGee v. Lawless*, No. 19-3048-SAC (Doc. 24) (dismissed for failure to state a claim) (D. Kan. Dec. 11, 2019).

1

loss of privileges and loss of the limited liberty enjoyed by prisoners. *Id.* at 8. He further alleges that he suffers from sleep deprivation, PTSD, scars, serious digestive disorders, sensory deprivation, neck and back pain, chronic headaches, and depression. *Id.*

"To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make 'specific, credible allegations of imminent danger of serious physical harm.'" *Davis v. GEO Group Corr.*, 696 F. App'x 851, 854 (10th Cir. May 23, 2017) (unpublished) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)). The "imminent danger" exception has a temporal limitation—[t]he exception is construed narrowly and available only 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.'" *Lynn v. Roberts*, No. 11-3073-JAR, 2011 WL 3667171, at *2 (D. Kan. Aug. 22, 2011) (citation omitted). "Congress included an exception to the 'three strikes' rule for those cases in which it appears that judicial action is needed as soon as possible to prevent serious physical injuries from occurring in the meantime.'" *Id.* (citation omitted). Allegations of past injury or harm are not sufficient to satisfy the imminent danger requirement. *Barrett v. Workman*, 486 F. App'x 706, 708 (10th Cir. 2012); *Fuller v. Wilcox*, 288 F. App'x 509, 511 (10th Cir. 2008).

Furthermore, an inmate seeking to qualify for the imminent danger exception must show a nexus between the alleged imminent danger and the legal claims asserted in the complaint. *Lomax v. Ortiz-Marquez*, 754 F. App'x 756, 759 (10th Cir. 2018), *aff'd,* 140 S. Ct. 1721, 207 L. Ed. 2d 132 (2020).

The Court has examined the Complaint and finds no showing of imminent danger of serious physical injury. In addition, the Court finds no showing of a nexus between the alleged wrongful conduct and the claimed serious harm. Accordingly, pursuant to § 1915(g) Plaintiff may not proceed in forma pauperis in this civil action. Plaintiff is given time to pay the full $405.00

district court filing fee[2] to the Court.  If he fails to pay the full fee within the prescribed time, the Complaint will be dismissed based upon Plaintiff's failure to satisfy the statutory district court filing fee required by 28 U.S.C. § 1914.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is denied leave to proceed in forma pauperis.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **March 15, 2024,** to submit the $405.00 filing fee.  The failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice.

**IT IS SO ORDERED**.

**Dated February 15, 2024, in Kansas City, Kansas.**

                                                    **S/   John W. Lungstrum**
                                                    **JOHN W. LUNGSTRUM**
                                                    **UNITED STATES DISTRICT JUDGE**

---

[2] If a person is not granted in forma pauperis status under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $55.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.