IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTONIO ALEXANDER McGEE,

    **Plaintiff,**

    v.                                                                                       CASE NO. 24-3026-JWL

KANSAS DEPARTMENT OF
CORRECTIONS,

    **Defendant.**

## MEMORANDUM AND ORDER

    This matter is a civil rights action filed under 42 U.S.C. § 1983.  Plaintiff, a prisoner in state custody, proceeds pro se.  Plaintiff alleges that he has been held in segregation for five years.  (Doc. 1, at 3.)  He asserts that the KDOC has changed his classification from special management to step-down to keep him in "the hole." *Id*. at 3, 7.  Plaintiff seeks damages for mental anguish from the loss of privileges and loss of the limited liberty enjoyed by prisoners. *Id.* at 8.  He further alleges that he suffers from sleep deprivation, PTSD, scars, serious digestive disorders, sensory deprivation, neck and back pain, chronic headaches, and depression. *Id*.  Plaintiff seeks damages for mental anguish, "psychological torture," and emotional suffering. *Id.* at 5

    The Court entered an order (Doc. 2) denying Plaintiff leave to proceed in forma pauperis, finding Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g).  The Court examined the Complaint and found no showing of imminent danger of serious physical injury.

    The Court granted Plaintiff until March 15, 2024, to submit the $405.00 filing fee.  The Court's order provided that "[t]he failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice."  (Doc. 2, at 3.)

Plaintiff has failed to pay the filing fee but has filed a response (Doc. 3) to the order.  In his response, Plaintiff discusses cases addressing excessive force and confinement in segregation.  He also confirms that he is seeking damages for mental anguish and psychological torture.  (Doc. 3, at 3.)  As explained in the three-strikes order, "[t]o meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make 'specific, credible allegations of imminent danger of serious *physical* harm.'"  *Davis v. GEO Group Corr.*, 696 F. App'x 851, 854 (10th Cir. May 23, 2017) (unpublished) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011) (emphasis added)).  Moreover, allegations of past injury or harm are not sufficient to satisfy the imminent danger requirement.  *Barrett v. Workman*, 486 F. App'x 706, 708 (10th Cir. 2012); *Fuller v. Wilcox*, 288 F. App'x 509, 511 (10th Cir. 2008).

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order.'"  *Young v. U.S.*, 316 F. App'x 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)).  "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met."  *Id*. (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).  "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action *without prejudice* under Rule 41(b)."  *Young*, 316 F. App'x at 771–72 (citations omitted).

Plaintiff has failed to pay the filing fee by the deadline set forth in the Court's order and has failed to make a showing of imminent danger of serious physical injury.  As a consequence, the Court dismisses this action without prejudice pursuant to Rule 41(b) for failure to comply with court orders.

**IT IS THEREFORE ORDERED BY THE COURT** that this action is **dismissed without prejudice** pursuant to Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.

**Dated March 26, 2024, in Kansas City, Kansas.**

> **S/   John W. Lungstrum**
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**